# NEW-YORK COMMON PLEAS.

## GEORGE LAMBERT agt. GEORGE SEELY.

A *receipt* of payment of a bill of goods, unexplained or uncontradicted, is conclusive against a recovery for the goods.

Although it is *held* that if a defendant, after a motion for a *nonsuit*, himself supplies the evidence, the want of which formed the grounds for the motion, the judgment will not be reversed on appeal for not granting the nonsuit (*Hyland* agt. *Sherman,* 2 *E. D. Smith,* 284), this rule will not apply where the evidence of the defendant is only partial to the point and does not fully supply the omission.

A judgment of a justice of the peace which is not only unsupported by the evidence, but contrary to it, will be reversed.

*New - York General Term, July,* 1859.

DALY, BRADY *and* HILTON, *Judges.*

By the court—HILTON, Judge. The plaintiff sued to recover the value of certain picture frames, alleged to have been sold and delivered by him to the defendant.

Upon the trial, the plaintiff was sworn and examined as a witness in his own behalf, and then rested his case.

His testimony in substance was, that he sold the frames to the defendant, who called at his store and ordered them in May, 1856. That the articles were sent from his store to be delivered at the defendant's house by one of his clerks, he could not tell which, nor did he know of all being sent, and as to whether they were actually delivered or not, *he did not know.* He did not see them delivered.

In August, 1856, he had a clerk in his employ named Hatch, who was in the habit of selling goods for him and receipting bills, and had authority from him to do so. A receipt for the goods in question was then produced, signed by Hatch, for the plaintiff, and which the plaintiff swore was in Hatch's handwriting.

Upon the testimony, and without any proof whatever as to the value of the goods thus sold, the plaintiff rested his case,

whereupon the defendant moved for a nonsuit, which the justice denied.

The defendant then excepted and offered evidence on his part. The justice subsequently gave judgment for the plaintiff, and the defendant appeals, stating, as one of his grounds of appeal, that the justice erred in refusing the nonsuit.

The decision of the justice upon this motion was clearly erroneous and his judgment must therefore be reversed.

The plaintiff's testimony showed no cause of action whatever against the defendant, apart from the receipt, which, unexplained or uncontradicted, was conclusive against his recovery. (1 *Greenleaf's Ev.* § 305.) It did not appear that the goods were ever delivered, nor what, if anything, was their value.

A plainer case for a nonsuit could scarcely be conceived.

I am aware of the new settled rule that if a defendant, after a motion for a nonsuit, himself supplies the evidence, the want of which formed the grounds for the motion, the judgment will not be reversed on appeal, because the proper evidence was not before the court at the moment the nonsuit was asked. (*Hyland* agt. *Sherman*, 2 *E. D. Smith,* 284.)

Here the defendant did not supply the omission. It is true he stated that a part of the frames were delivered, and only denied the receipt of one of those charged against him. But he furnished no evidence of the value of those he admitted the receipt of, beyond describing them by the prices stated in the receipt produced.

Besides, it appeared that they were purchased by him from a Mr. Westbrook, who was at the time in business with the plaintiff, upon the distinct agreement that the price should be credited on a note of Westbrook's, then held by the defendant. The plaintiff knew of this arrangement at the time of the sale, and assented to it. Under it the frames were delivered, and afterwards, on Westbrook delivering to the defendant the receipt referred to, the amount charged was credited on the note.

Under what circumstances the receipt was obtained by

Westbrook does not appear, beyond his statement, that the plaintiff agreed to furnish the frames on his (Westbrook's) account.

Whether he paid Hatch in money, or in what manner the bill was settled, is not shown, although the plaintiff might have furnished the information had he chosen to have done so.

His silence upon this subject affords a strong presumption against his present claim, and taken in connection with the positive evidence, on the part of the defendant, respecting the agreement, and the receipt, which throughout was uncontradicted, either by the plaintiff, denying the authority of Hatch to give it in his name, or that he received anything for it, satisfies me that the finding of the justice was not only unsupported by the evidence, but was contrary to it, and should be reversed.

Judgment reversed.