FLORENCE A. BOUGHTON, RESPONDENT, *v.* CATHARINE BOGARDUS, AS ADMINISTRATRIX, ETC., OF GEORGE C. BOGARDUS, DECEASED, APPELLANT.

*Evidence — when inadmissible as relating to a personal transaction with a deceased person — Code of Civil Procedure, sec. 829.*

In this action, brought to recover the value of services rendered by the plaintiff to the defendant's intestate prior to February 7, 1882, the defense of payment was pleaded. Upon the trial the defendant produced a receipt executed by the plaintiff by which she acknowledged the receipt of fifty dollars from the intestate in full of all demands, of whatsoever nature or kind, "up to date February 11, 1882," and proved that she had delivered it to the deceased.

The plaintiff was then allowed, against the defendant's objection and exception, to answer the following question: "Please state what, if anything, has been done to that receipt since you signed it and delivered it to the intestate?" She answered, "In full of all demands, of whatsoever nature or kind, up to date, February 11, 1882, has been added since. That was added after he took it from my hands; those were not on when I signed it."

*Held*, that the evidence was inadmissible as relating to a personal transaction between the witness and the deceased.*

After the plaintiff had, under the objection and exception of the defendant, read various entries from her account book showing payments by the deceased to her to apply in part payment for the services rendered by her, she was asked and against the defendant's objection and exception allowed to answer, the following question: "That is all he has ever paid you except the fifty dollars you gave him a receipt for?"

*Held*, that the evidence was inadmissible, under section 829 of the Code of Civil Procedure, as it tended to contradict the claim of the defendant that a larger amount had been paid to her by the deceased.

APPEAL from a judgment of the Monroe County Court, entered upon the report of a referee, in favor of the plaintiff against the defendant as administratrix, etc., for the sum of $366.16 damages, besides costs.

The action is for services rendered by respondent, as a housekeeper for George C. Bogardus, deceased, for two different terms, the first commencing January 27, 1879, and ending February 7, 1882, and again commencing July 17, 1882, and continuing to and including October 24, 1883, at the agreed price of three dollars a week. The defendant's answer denies the indebtedness, pleads a counter-claim and also payment. After the joinder of issue and before trial George C. Bogardus died, and the appellant, Catharine Bogardus, having been appointed administratrix of his estate, was substituted as defendant.

*J. S. Garlock*, for the appellant.

*George H. Humphrey*, for the respondent.

LEWIS, J. :

Plaintiff established the rendition of the services, as claimed in her complaint, and that for the term ending February 7, 1882, they amounted to the sum of $472.28, and for the term commencing July 17, 1882, after deducting ten weeks the plaintiff was absent, to the sum of $168. The main question litigated was whether the

---

*Marsh* v. *Brown*, 18 Hun, 319; *Sweet* v. *Low*, 28 Hun, 438. [REP.

sum of $472.28 for the first term of service had been paid by the deceased. The defendant claimed it had, and, to prove such payment, produced upon the trial a receipt, and after proving its execution by plaintiff and its delivery by her to the deceased, read the same in evidence in the words and figures following :

"Received of G. C. Bogardus, Sr., fifty dollars, in full of all demands of whatsoever nature or kind up to date, February 11, 1882.

"F. A. BOUGHTON."

This instrument, unexplained or uncontradicted, bearing date as it does after the performance of the first term of service, was conclusive evidence that the plaintiff had received payment therefor. (*Lambert* v. *Seely*, 17 How. Pr., 432 ; 1 Greenl. Ev., § 305.) If this sum of $472.28 had in fact been paid, then the indebtedness of the estate to plaintiff, after deducting the sum of eighty dollars and fifty cents, which it was admitted upon the trial had been paid, to apply upon the services rendered for the term commencing July 17, 1882, left due the plaintiff less than $100. Plaintiff, to break the force of this receipt, was permitted to testify, notwithstanding the objection of the defendant, that this receipt had been changed since its delivery by her to the deceased. She was asked the following questions : Question by Mr. Humphrey — "Please state what, if anything, has been done to that receipt since you signed it and delivered it to the intestate ?" Objected to by Mr. Davidson as incompetent under section 829 of the Code of Civil Procedure. Court rules that testimony is allowed so far as it does not relate to any personal transaction or communication with the deceased."

A. "In full of all demands of whatsoever nature or kind up to date, February 11, 1882, has been added since. That was added after he took it from my hands. Those were not on when I signed it." Defendant's counsel moved to strike out the answer as incompetent under section 829 of the Code of Civil Procedure. Motion denied and exception duly taken by defendant.

The objection was sufficiently broad and specific. It indicated to the court that defendant claimed that the witness, being a party to the action, was not competent to testify upon the subject of the receipt, as it related to a personal transaction with the defendant's intestate. (*Sanford* v. *Ellithorp*, 95 N. Y., 52.)

It was so understood by the referee, as appears by what follows. In answer to the objection, the referee said : " Court holds that testimony allowed, so far as it does not relate to any personal transaction or communication to the deceased." After the answer of the witness was given, speaking to a personal transaction with the deceased, the defendant at once moved to strike out the answer as incompetent under section 829 of the Code. Motion was denied and · exception duly taken. The execution and delivery by the plaintiff to the deceased of this receipt, was clearly a personal transaction between herself and deceased. The administratrix produced the paper. It was a receipt in full of all demands plaintiff had against deceased to its date, showing that he had paid her in full for the first term of services. The plaintiff is permitted by her own evidence to change the effect of this receipt so that it becomes simply a receipt for fifty dollars. If she were a competent witness to change its import and meaning in one particular, she was competent to alter it into anything she chose, or to destroy its effect altogether. If a witness had testified upon the trial to being present at the payment of the fifty dollars by deceased to plaintiff, and · that plaintiff then stated to deceased that the payment was in full of all demands to date, it would not be claimed that plaintiff was a competent witness to contradict the evidence. The referee, as appears from his report and opinion, gave to this receipt the force and effect simply of a receipt for fifty dollars. The only evidence tending to establish that it was not in fact what it purported to be, was this testimony of the plaintiff. The referee erred in the admission of this evidence. After the plaintiff had, under the objection of defendant, read various entries from her account book, showing payments by the deceased to her to apply in part payment for her services, her counsel asked her the following question: " That is all he has ever paid you, except the fifty dollars you gave him a receipt for ? "

This question was objected to by defendant as incompetent under section 829 of the Code. The objection was overruled and exception duly taken. The witness answered: "I noted down everything as he paid it." This evidence was incompetent, and the admission of it was error. It tended to contradict the claim of defendant that the deceased had paid her a larger amount of money.

Judgment should be reversed and a new trial granted before another referee, costs to abide the event.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Judgment reversed and new trial granted before another referee, costs to abide event.